**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LISA HARRISON | ) | |
| | ) | Case No. |
| Plaintiff, | ) | Hon. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WARREN | ) | |
| WARREN POLICE DEPARTMENT, | ) | |
| ERIC HAWKINS, Chief of Police, individually | ) | |
| and in his official capacity for the WARREN | ) | |
| POLICE DEPARTMENT, | ) | |
| ELMONDO SMITH, individually and in his | ) | |
| official capacity as a Police Officer for | ) | |
| WARREN POLICE DEPARTMENT | ) | |
| JANE DOE, human resources coordinator for | ) | |
| WARREN POLICE DEPARTMENT | ) | |
| Jointly and Severally | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MICHIGAN INJURY LAW CENTER

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LISA HARRISON, by and through her attorneys, Michigan Injury Law Center, states as follows for her Complaint and Jury Demand:

## **INTRODUCTION**

LISA HARRISON was a resident of Macomb County who sought emergency assistance from the Warren Police Department. Following her call for help, Lisa endured persistent and predatory sexual harassment at the hands of officer ELMONDO SMITH. Upon information and belief, officer Smith had a known

history of predatory behavior, yet Warren Police took no action to properly vet, supervise, or restrict his authority. Tragically, as a result of management allowing Smith to maintain his employment and badge, Lisa was sexually assaulted.

Despite the fact that Defendants were aware of Smith's prior unfitness, including a reported termination from a previous law enforcement agency, they refused to take action to appropriately investigate Smith, supervise his interactions with vulnerable citizens, or terminate his employment. Because of Defendants' choices to allow Smith to maintain his position of absolute authority, they contributed to Smith's misconduct, the misconduct escalated, which resulted in Smith weaponizing his position to sexually assault Plaintiff.

MICHIGAN INJURY LAW CENTER

The individually named Defendant, officer Elmondo Smith, is responsible through his actions and inactions for making Plaintiff less safe. Defendant Warren Police allowed, employed, paid, and failed to in any way properly reprimand or restrict Smith despite his prior history. They paid Smith to patrol the community, which gave him the uniform, weapon, and authority used to harass and corner Plaintiff. Defendant Warren Police is responsible for hiring, maintaining, and failing to properly train and supervise their law enforcement staff. Defendant Warren Police has a history of disregarding public safety by hiring individuals with a known track record of misconduct.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

3. The actions alleged in this Complaint took place within Macomb County, State of Michigan, and as such, jurisdiction lies in the United States District Court for the Eastern District of Michigan.

4. Venue in this Court is proper under 28 U.S.C. § 1391 (d).

5. This Court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. § 1367.

6. The amount in controversy exceeds Seventy-Five Million ($75,000,000.00), excluding interests, costs and attorney fees.

MICHIGAN INJURY LAW CENTER

## PARTIES

7. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

8. Plaintiff, LISA HARRISON ("Plaintiff"), is a resident of Macomb County and was located in the County of Macomb at the time of the incident.

9. Defendant, ERIC HAWKINS, is a citizen of the State of Michigan who was acting under the color of state law within the course and scope of their employment with WARREN POLICE DEPARTMENT and was acting under the color and pretense of ordinances, regulations, laws and customs of CITY OF WARREN, and is being sued in their individual capacity.

MICHIGAN INJURY LAW CENTER

10. Defendant, ELMONDO SMITH ("Smith") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of their employment with WARREN POLICE DEPARTMENT and was acting under the color and pretense of ordinances, regulations, laws and customs of CITY OF WARREN, and is being sued in their individual capacity.

11. JANE DOE, ("HR") human resources coordinator for WARREN POLICE DEPARTMENT is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of their employment with WARREN POLICE DEPARTMENT and was acting under the color and pretense

of ordinances, regulations, laws and customs of CITY OF WARREN, and is being sued in their individual capacity.

12. At all times relevant, Defendant CITY OF WARREN was and is a municipal corporation, duly organized and carrying out functions in City of Warren, State of Michigan.

## FACTUAL STATEMENT

13. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

14. On or about June 2025, Plaintiff sought law enforcement assistance from Defendant WARREN POLICE by calling to report an incident of domestic violence.

15. At the time of her interactions with Defendant Smith, Plaintiff was a vulnerable crime victim seeking emergency assistance following a domestic violence incident.

16. Defendant Smith utilized his official position and law enforcement authority to obtain Plaintiff's personal cell phone number under the guise of needing it for the domestic violence investigation.

17. Following the domestic violence call, Defendant Smith initiated contact with Plaintiff by placing a call or sending a text message requesting to meet her at a local Starbucks the next day.

MICHIGAN INJURY LAW CENTER

18. On June 19, 2025, Plaintiff met Defendant Smith at the Starbucks location. Upon Defendant Smith's request, Plaintiff exited the establishment and entered his private vehicle (a grayish-bluish SUV), after which Defendant Smith drove her through the drive-thru and to a nearby park in the area of 12 Mile Road and Dequindre Road.

19. While off-duty at the park, Defendant Smith made unsolicited, sexually flirtatious comments to Plaintiff, told her she was "sexy”.

20. Defendant went on to tell Plaintiff that he “wanted the real thing”.

21. Following the June 19, 2025, meeting; Defendant Smith established a pattern of calling Plaintiff immediately whenever she attempted to text him, minimizing written text trails while maintaining direct telephone contact.

22. Forensic extraction records establish that between June 18, 2025, and July 10, 2025, Defendant Smith's primary device exchanged 9 calls and 19 SMS messages with Plaintiff's personal device, while Plaintiff's device logged 10 calls and 40 SMS messages.

23. Defendant Smith had Plaintiff in his private vehicle at the park, a marked Warren Police cruiser drove by, causing Defendant Smith to act panicked and nervous, demonstrating his awareness that his conduct was illicit and violated department policy.

MICHIGAN INJURY LAW CENTER

24. Due to the inherent vulnerability of crime victims seeking emergency assistance, Defendant WARREN POLICE is subject to strict statutory, constitutional, and regulatory requirements under the laws of the State of Michigan. These mandates require that the department provide professional law enforcement protection, maintain public safety, and ensure that its sworn deputies do not weaponize their police authority against the citizens they are sworn to protect.

25. To maintain its law enforcement operational status and professional accreditation, Defendant WARREN POLICE is required to employ deputies and staff who are certified by the Michigan Commission on Law Enforcement Standards (MCOLES), thoroughly vetted for public safety, and capable of appropriately handling emergency situations without posing a threat to the community.

26. Almost immediately upon seeking emergency assistance, Plaintiff became the target of severe and predatory sexual harassment by Defendant SMITH, a responding law enforcement officer who held a position of absolute power and influence due to his role as a Warren Police Department officer.

27. Upon information and belief, Defendant Smith was previously employed by the Detroit Police Department and was terminated or forced to leave due to misconduct before Defendant Warren Police made the decision to hire him.

28. Defendant SMITH would remark on Plaintiff's appearance, make her deliberately uncomfortable, and make sexual advances towards her.

MICHIGAN INJURY LAW CENTER

29. Defendant SMITH frequently carried his department-issued firearm while interacting with Plaintiff, which he openly displayed or positioned his hand upon, creating an atmosphere of extreme intimidation, duress, and fear.

30. Defendant Warren Police, through its administration, command staff, and supervisors, assumed a non-delegable duty to ensure the safety of the public. By knowingly employing an officer who had a prior history of misconduct, openly weaponized his service firearm to intimidate a crime victim, and sexually preyed on a member of the community, Defendants violated the core statutory purpose of their organization.

31. On or about July 9, 2025, Defendant SMITH cornered Plaintiff in an industrial building while operating a marked police vehicle and dressed in full uniform- with weapons on his person.

32. Defendant SMITH felt comfortable to do this because he knew that he would not be fired from his position.

33. While at the industrial building, Defendant SMITH, who was in possession of a visible firearm, forcefully took Plaintiff's hand and forced her to perform oral sex on him without her consent.

34. Plaintiff reported this assault, providing a formal interview to local law enforcement investigators and notifying Detective Tim Lafriniere of the Macomb County Sheriff's Office regarding the criminal misconduct of Defendant SMITH.

MICHIGAN INJURY LAW CENTER

35. Instead of investigating the initial predatory behavior or protecting the Plaintiff, as was required of them, Defendant Warren Police permitted weeks to go by without intervention, allowing Defendant SMITH to continue using his department-issued phone and authority to aggressively pursue, isolate, and ultimately assault the Plaintiff.

36. Despite actual knowledge of Defendant Smith's severe misconduct and his possession of a department-issued firearm, the municipal and administrative Defendants initially failed to terminate Smith or strip him of his police authority, allowing him to interact with and assault the Plaintiff before ultimately placing him on leave.

37. As a direct result of the Defendants' failure to act, and Defendant Warren Police direct enabling of Defendant SMITH, his predatory behavior escalated.

38. Smith has a known history of sexual harassment. Several woman have come forth with similar complaints of his unprofessional behavior.

39. Following the assault, Plaintiff was physically ill and emotionally devastated. She attempted to get help by participating in a formal law enforcement interview and providing a DNA swab of her clothing, while grappling with the severe trauma that forced her into ongoing psychological counseling.

40. Plaintiff reported the rape to law enforcement on or about July 12, 2025, causing a police report to be filed.

41. Defendant Smith was charged with CSC Penetration Oral/Anal 1st degree and CSC 2nd Degree- Forceable Contact.

42. On multiple occasions, Defendant Warren Police observed Smith's unprofessional, sexual, and harassing behavior.

43. Defendant Warren Police had direct access to the dash and body cam issued to Defendant Smith.

44. At no point did Plaintiff pose a threat to himself, others, or Defendant Smith.

45. Under all the circumstances known to Defendants, the physical force used against Plaintiff, by Defendant Smith was objectively unreasonable and clearly excessive.

46. At all times relevant hereto, Defendants owed a duty to Plaintiff to ensure Defendant Smith exercised appropriate force and was professional in his interactions with the Plaintiff.

47. At all times relevant, Defendants Warren Police had the opportunity to intervene and prevent the above-described constitutional violations from occurring due to prior knowledge of Defendant's Smith's previous interactions with civilians.

MICHIGAN INJURY LAW CENTER

48. Upon information and belief, and at all times relevant, Defendants Warren Police had a policy to allow staff at Defendant Warren Police to inflict physical harm to others while on the job.

49. Upon information and belief, and at all times relevant, Defendants Warren Police had actual and/or constructive knowledge of Defendant Smith's propensities to violently engage with civilians.

50. Despite this prior knowledge, DEFENDANTS Warren Police continued to employ Defendant Smith.

51. Defendants violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force, in the form of sexual force, unlawful detention, and wrongful restraint as guaranteed by the Fourth Amendment incorporated to the states through the Fourteenth Amendment of the United States Constitution.

52. At all times relevant hereto Defendant Smith repeatedly violated Plaintiff's rights and used excessive force in violation of Plaintiffs' Fourth Amendment Rights.

53. The risk of harm that Defendant Smith posed to the general public including Plaintiff was obvious and known by all DEFENDANTS.

54. That each and every Defendant named herein made affirmative actions that created and increased the risk of harm and danger to the public, and in particular,

MICHIGAN INJURY LAW CENTER

Plaintiff's vulnerability to the extremely violent and sexually harassing behavior of Defendant Smith.

55. At all times pertinent hereto, DEFENDANTS knew or should have known of Defendant Smith's incompetence and inability to control his emotions and sexually perverted desires and or act in a professional capacity as an officer.

56. Upon information and belief, Defendant Smith engaged in negligent and wrongful behavior prior to the incidents alleged in this complaint, which placed DEFENDANTS on notice of his inability to carry out his duties in a competent / professional manner.

57. Defendant Smith applied to the Warren Police Department despite having a known history and pattern of sexual harassment at the Detroit Police Department.

58. Defendant HR had a duty to vet Defendant Smith prior to allowing him to serve as a Warren police officer.

59. Defendant HR and Defendant Hawkins knew about Smith's history of Sexual harassment.

60. Defendant HR and Defendant Hawkins made an active decision to hire Smith despite his known history of predatory sexual behavior.

61. The Defendants had a strict duty to follow Michigan Law and Federal Law and protect civilians like the Plaintiff.

MICHIGAN INJURY LAW CENTER

62. Defendants had direct knowledge of Smith's propensity to sexually harass and assault.

63. Defendants had direct knowledge of Defendant Smith's prior misconduct.

64. Defendants had actual notice that sexual assault was a critical risk within City immediately prior to the assault on the Plaintiff.

65. Defendants' conduct was outrageous and shocks the conscience.

66. Defendants are not entitled to governmental and/or qualified immunity.

67. As a direct and proximate result of the Defendants gross negligence and discrimination, Plaintiff suffered injuries as set forth herein.

68. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered severe embarrassment, humiliation, and mental and emotional distress and anguish.

69. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered severe emotional, physical, and mental distress, anguish and economic loss in excess of $75,000,000 exclusive of costs, interest, and attorney fees.

## COUNT I
## 42 U.S.C § 1983- VIOLATION OF PLAINTIFF'S 4th AMENDMENT RIGHTS DEFENDANTS ELMONDO SMITH

70. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

MICHIGAN INJURY LAW CENTER

71. At all relevant times, Defendant officer Elmondo Smith was acting under color of state law, wearing an official law enforcement uniform, displaying a badge, carrying a service weapon, and utilizing official law enforcement authority granted to him by Defendant Warren Police.

72. Under the Fourteenth Amendment to the United States Constitution, Plaintiff Lisa Harrison possesses a fundamental, clearly established right to substantive due process, personal security, bodily integrity, and freedom from state-created danger, coercive sexual harassment, and non-consensual sexual assault.

73. Under all the circumstances known to Defendant Smith, used physical force, the form of sexual force, against Plaintiff was objectively unreasonable and clearly excessive.

MICHIGAN INJURY LAW CENTER

74. Plaintiff was physically assaulted and posed no threat to Defendant Smith or the public, and that by being pushed, pulled, shoved, sexually assaulted and causing injury, Defendant Smith violated Plaintiff's clearly established right to be free from unnecessary force, unreasonable force, and excessive force pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

75. Defendant Smith intentionally, willfully, and maliciously abused his badge and police authority to corner, intimidate, isolate, sexually harass, and physically and sexually assault Plaintiff, who had reached out to the department as a vulnerable citizen seeking emergency aid.

76. At all times relevant hereto, Plaintiff was unarmed and did not pose a threat to the safety of Defendants or others.

77. At all times relevant hereto, Plaintiff had not violated laws.

78. The acts and/or omissions of Defendant Smith were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiffs have retained private counsel to represent them in this matter and are entitled to an award of attorney fees and costs.

79. As a direct and proximate result of Defendant Smith's unconstitutional acts, Plaintiff suffered severe, painful, and long-lasting injuries, including but not limited to:

MICHIGAN INJURY LAW CENTER

a. Physical force;

b. Unconsented physical contact;

c. Soft-tissue injuries;

d. Bruising;

e. Contusions;

f. Physical soreness;

g. Physical manifestations of extreme terror;

h. Severe Post-Traumatic Stress Disorder (PTSD);

i. Panic attacks;

j. Flashbacks;

k. Hypervigilance;

l. Emotional numbing;

m. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;

n. Pain and suffering;

o. emotional agony;

p. Shame;

q. Humiliation;

r. Loss of enjoyment;

s. Profound loss of trust in public safety officers; And

t. All other damages to be determine by discovery.

MICHIGAN INJURY LAW CENTER

80. The acts and/or omissions of Defendant Smith were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiffs have retained private counsel to represent them in this matter and are entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest,

and attorney fees, as well as an award of punitive damages.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988 STATE CREATED DANGER AS TO DEFENDANTS CITY OF WARREN, WARREN POLICE DEPARTMENT, ERIC HAWKINS,ELMONDO SMITH, JANE DOE**

81. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

82. As a citizen of the United States Plaintiff is entitled to all rights, privileges, and immunities accorded to all citizens of the State of Michigan and of the United States.

83. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiff had a clearly established right to be free from danger created and/or increased by the Defendants.

84. At all times relevant hereto, that the Defendants were acting under the color of state law and created and/or increased a state created danger by substantially increasing the risk of harm to Plaintiff and in reckless disregard to Plaintiff's safety, thereby increasing the risk that Plaintiff would be exposed to Defendant Smith's acts of violence.

85. That actions and/or inactions by Defendants under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all

performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiff and in reckless disregard to his safety.

86. That each and all Defendants, were acting under the color of state law when they deprived Plaintiff of her clearly established rights, privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

87. Under 42 U.S.C. § 1983 that Defendant Smith violated Plaintiff's right to Equal Protection by subjecting her to sexual harassment and sexual assault, which constitutes gender-based discrimination by a state actor.

88. Defendants created and tolerated an atmosphere of lawlessness, and has developed and maintained long-standing, City and Department-wide customs, policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers and employees in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff.

89. That each and every individual Defendant exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, by taking affirmative actions resulting in the Plaintiff in particular being less safe than they were before the actions and inactions of each and every

MICHIGAN INJURY LAW CENTER

Individual Defendant. Their actions created the danger and increased the risk of the public would be exposed to private acts of violence, to wit:

a. Deliberately and intentionally misleading civilians regarding their investigation of threats and prior assaults by Defendant Smith so that the public, such as Plaintiff, could properly and effectively protect themselves from threats of and/or acts of violence;

b. Employing a known sexual predator to work with the general public;

c. Allowing a known sexual predator to respond to investigations involving venerable persons;

d. Deliberately and intentionally misleading the public and parents that there has been no threat made by Smith;

e. Deliberately and intentionally allowing Defendant Smith to continue to work as an employee of Warren Police;

f. Deliberately failing to report Defendant Smith's previous aggressive behavior;

g. Deliberately deciding against reporting Defendant Smith's previous aggressive behavior to appropriate law enforcement and instead employing him;

h. Demonstrating conduct so reckless that it demonstrates a substantial lack of concern for whether any injury would result;

i. Wrongfully causing Plaintiff to suffer extreme emotional distress;

j. Any and all other breaches that may become known throughout the course of this litigation.

90. That all of the above conduct alleged in the previous paragraph substantially increased the harm to Plaintiff.

MICHIGAN INJURY LAW CENTER

91. That the above-described conduct of Defendants as specifically set forth above, were the proximate cause of Plaintiff's injuries and damages, including but not limited to the following:

a. Physical force;
b. Unconsented physical contact;
c. Soft-tissue injuries;
d. Bruising;
e. Contusions;
f. Physical soreness;
g. Physical manifestations of extreme terror;
h. Severe Post-Traumatic Stress Disorder (PTSD);
i. Panic attacks;
j. Flashbacks;
k. Hypervigilance;
l. Emotional numbing;
m. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;
n. Pain and suffering;
o. emotional agony;
p. Shame;

MICHIGAN INJURY LAW CENTER

q. Humiliation;

r. Loss of enjoyment;

s. Profound loss of trust in public safety officers; And

t. All other damages to be determine by discovery.

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988 – SUPERVISORY LIABILITY DEFENDANT HAWKINS**

92. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

93. At all times relevant hereto, Defendant HAWKINS was the Chief of Police for Warren Police Department, and directly supervised and oversaw the actions of himself and Defendant Smith and encouraged the specific incident of misconduct and/or directly participated in it by not suspending, disciplining, investigating or firing Defendant Smith and/or notifying police authorities of Defendant Smith's prior violent and aggressive behavior with other civilians.

MICHIGAN INJURY LAW CENTER

94. By inadequately training and/or supervising their officers and employees, and having a custom or policy of indifference to the constitutional rights of their citizens, and/or by failing to adequately supervise Defendant Smith, Defendant Hawkins encouraged and cultivated the conduct which then caused a violation of Plaintiff's rights under the Fourteenth Amendments of the United States Constitution.

95. By not suspending, disciplining, investigating or firing Defendant Smith, Defendant Hawkins authorized, approved, or knowingly acquiesced in the unconstitutional conduct of Defendant Smith by allowing Smith to continue to work with Warren Police.

96. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiffs had a clearly established right to be free from dangers created by the Defendants.

97. That actions and omissions by Defendants, under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiff and in reckless disregard to their safety.

98. That Defendant was acting under the color of state law when they deprived Plaintiff of his clearly established rights, privileges, and immunities in

MICHIGAN INJURY LAW CENTER

violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

99. The Defendants exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, to be free from acts that create the risk of harm and/or increase the risk of harm that an individual will be exposed to private acts of violence, to wit:

a. Deliberately and intentionally misleading civilians regarding their investigation of threats and prior assaults by Defendant Smith so that the public, such as Plaintiff, could properly and effectively protect themselves from threats of and/or acts of violence;

b. Employing a known sexual predator to work with the general public;

c. Allowing a known sexual predator to respond to investigations involving venerable persons;

d. Deliberately and intentionally misleading the public and parents that there has been no threat made by Smith;

e. Deliberately and intentionally allowing Defendant Smith to continue to work as an employee of Warren Police;

f. Deliberately failing to report Defendant Smith's previous aggressive behavior;

g. Deliberately deciding against reporting Defendant Smith's previous aggressive behavior to appropriate law enforcement and instead employing him;

h. Demonstrating conduct so reckless that it demonstrates a substantial lack of concern for whether any injury would result;

i. Wrongfully causing Plaintiff to suffer extreme emotional distress;

j. Any and all other breaches that may become known throughout the course of this litigation.

MICHIGAN INJURY LAW CENTER

100. That the above-described conduct of Defendants, as specifically set forth above, were the proximate cause of Plaintiff's injuries and damages, including but not limited to the following:

a. Physical force;
b. Unconsented physical contact;
c. Soft-tissue injuries;
d. Bruising;
e. Contusions;
f. Physical soreness;
g. Physical manifestations of extreme terror;
h. Severe Post-Traumatic Stress Disorder (PTSD);
i. Panic attacks;
j. Flashbacks;
k. Hypervigilance;
l. Emotional numbing;
m. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;
n. Pain and suffering;
o. emotional agony;
p. Shame;

MICHIGAN INJURY LAW CENTER

q. Humiliation;

r. Loss of enjoyment;

s. Profound loss of trust in public safety officers; and

t. All other damages to be determine by discovery.

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT IV**
**42 U.S.C. § 1983 – MUNICIPAL LIABILITY (*MONELL* CLAIM) AGAINST DEFENDANT CITY OF WARREN**

101. Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

102. At all times relevant, Defendant Warren Police failed adequately train, discipline and supervise Defendants promulgating and maintaining de facto unconstitutional customs, policies, or practices rendering them liable for the constitutional violations alleged herein under *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658 (1978).

103. At all times relevant, Defendant Warren Police knew or should have known that the policies, procedures, training supervision and discipline of

MICHIGAN INJURY LAW CENTER

Defendants were inadequate for the tasks that each Defendant was required to perform.

104. At all times relevant, Defendant, Warren Police failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their actions did not create or increase the risk Plaintiff would be exposed to acts of violence.

105. At all times relevant, Defendant Warren Police failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their officers and staff do not take actions that create or increase the risk of harm to the general public, such as Plaintiff.

106. At all times relevant, Defendant Warren Police was on notice or should have known, of a history, custom, propensity, and pattern for Defendants, and other employees of Warren Police, to fail to properly identify an officer with violent and sexual tendencies and acted in such a way that created a risk of harm to the public and/or increased a risk of harm to the public, such as Plaintiff.

107. Defendant Warren Police explicitly and implicitly authorized, approved, or knowingly acquiesced in the deliberate indifference to the strong likelihood that constitutional violations, such as in the instant case, would occur, and pursued policies, practices, and customs that were a direct and proximate cause of the deprivations of Plaintiffs' constitutional rights.

108. At all times relevant, Defendant Warren Police knew that its policies, procedures, customs, propensity and patterns of supervising and/or investigating an employee with violent and sexual tendencies and demeanor, would deprive citizens, such as Plaintiff of her constitutional rights.

109. At all times relevant, Defendant Warren Police knew that its policies, procedures, customs, propensity and patterns allowed officers to return an employee with violent and sexually harassing tendencies and demeanor back to regular job status such that their actions and/or inactions created a risk of harm and/or an increased risk of harm to the public and specifically Plaintiff before getting permission from proper authorities.

110. By inadequately training and/or supervising their officers and employees and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, Defendant Warren Police encouraged and cultivated the conduct which violated Plaintiff's rights under the Fourteenth Amendments of the United States Constitution, and provided clearance for Defendant Smith to commit his acts of violence, thereby increasing the risk that Plaintiff would be exposed to Defendant Smith's acts of violence.

111. That the above-described conduct of Defendants was the proximate cause of Plaintiff's injuries and damages, including but not limited to the following:

a. Physical force;

MICHIGAN INJURY LAW CENTER

b. Unconsented physical contact;

c. Soft-tissue injuries;

d. Bruising;

e. Contusions;

f. Physical soreness;

g. Physical manifestations of extreme terror;

h. Severe Post-Traumatic Stress Disorder (PTSD);

i. Panic attacks;

j. Flashbacks;

k. Hypervigilance;

l. Emotional numbing;

m. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;

n. Pain and suffering;

o. emotional agony;

p. Shame;

q. Humiliation;

r. Loss of enjoyment;

s. Profound loss of trust in public safety officers; And

t. All other damages to be determine by discovery.

112. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT V
## FAILURE TO TRAIN/SUPERVISE; CUSTOM OR PRACTICE OF TOLERATING THE VIOLATION OF FEDERAL RIGHTS; INADEQUATE POLICY
## DEFENDANTS HAWKINS AND DOE

113. Plaintiff hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

MICHIGAN INJURY LAW CENTER

114. The conduct of Smith, as described throughout, was performed under the color of law while Defendants were working for and with the authority of Defendant CITY OF WARREN.

115. At all times relevant hereto, the conduct of the WARREN POLICE Defendants, as described throughout, was performed under the color of law while Defendants were working for and under the authority of Defendant CITY OF WARREN.

116. At all relevant times, Defendants CITY OF WARREN, Defendant HAWKINS had a custom, pattern, and/or practice of failing to supervise and/or train

officers, specifically Smith, and other staff in a reasonable manner to prevent such conduct.

117. The failure of Defendant, CITY OF WARREN, to properly supervise and/or train its personnel or otherwise create and enforce a custom, policy, or procedure, who engaged in similar misconduct was objectively unreasonable and demonstrated a deliberate indifference to incidents and complaints against its personnel and to the deprivation of clearly established rights of individuals, such as was caused to Plaintiff.

118. Defendant CITY OF WARREN was aware or should have been aware that DEFENDANTS and its officers would confront situations as described herein and that a substantial risk of serious harm existed and was conscious of the risk of harm posed by Smith.

119. Defendant CITY OF WARREN was aware or should have been aware that Smith and its officers would confront situations involving vulnerable persons.

120. Defendant CITY OF WARREN was aware or should have been aware that Smith and its officers would confront situations involving women.

121. Defendant CITY OF WARREN was aware or should have been aware that Smith and its officers would confront situations involving domestic violence.

122. At all times relevant, there was a clear and persistent pattern of violations of officers and its sexually inappropriate interactions civilians

123. At all times relevant, Defendant, CITY OF WARREN, through its appointed officials, employees, agents and/or representatives, knew or should have known that there was a clear and persistent pattern of violations sexual harassment as described in the preceding paragraphs and Defendant CITY OF WARREN ratified the behavior and conduct of its employees when the Defendants failed to protect Plaintiff.

124. At all times relevant, Defendant CITY OF WARREN was on notice, through its appointed officials, employees, agents and/or representatives that Plaintiff was venerable and Defendant would attack her.

125. Upon all information and belief, Defendant CITY OF WARREN and its policy makers acquiesced in the officer's violation of the civilians rights to not to be sexually harassed by its officers.

126. Upon all information and belief, it was the custom or practice of Defendant, CITY OF WARREN to tolerate the officers' violations of the civilians' rights to not be assaulted, and sexually assaulted, which allowed the officers to continue to engage in the unlawful behavior.

127. Upon information and belief, instead of suspending or disciplining the officers' for sexually assaulting the public, Defendant, CITY OF WARREN refused to discipline its officers, failed to fully investigate allegations regarding the assault, looked the other way and, thus, tacitly encouraged such behavior. In doing so,

MICHIGAN INJURY LAW CENTER

Defendant, CITY OF WARREN to tolerate the officers' violations of the civilians' rights to not be assaulted, and sexually assaulted, which allowed the officers to continue to engage in the unlawful behavior.

128. As the direct and proximate result of Defendant, CITY OF WARREN to tolerate the officers' violations of the civilians' rights to not be assaulted, and sexually assaulted, which allowed the officers to continue to engage in the unlawful behavior custom or practice of tolerating the violation of federal rights the public Defendant, CITY OF WARREN demonstrated a reckless disregard to Plaintiff and caused constitutional deprivation of her clearly established rights, privileges and immunities in violation of the Fourteenth Amendment of the Constitution of the United States.

MICHIGAN INJURY LAW CENTER

129. That the above-described conduct of Defendants was the proximate cause of Plaintiff's injuries and damages, including but not limited to the following:

a. Physical force;

b. Unconsented physical contact;

c. Soft-tissue injuries;

d. Bruising;

e. Contusions;

f. Physical soreness;

g. Physical manifestations of extreme terror;

h. Severe Post-Traumatic Stress Disorder (PTSD);

i. Panic attacks;

j. Flashbacks;

k. Hypervigilance;

l. Emotional numbing;

m. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;

n. Pain and suffering;

o. emotional agony;

p. Shame;

q. Humiliation;

r. Loss of enjoyment;

s. Profound loss of trust in public safety officers; And

t. All other damages to be determine by discovery.

130 The conduct of the officer was and remains extreme and outrageous subjecting Defendants to punitive damages.

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

MICHIGAN INJURY LAW CENTER

**COUNT VI**
**STATE LAW CLAIMS OF GROSS NEGLIGENCE AND/OR WANTON AND WILLFUL MISCONDUCT DEFENDANTS ERIC HAWKINS,ELMONDO SMITH, JANE DOE**

131. Plaintiff hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

132. At all times relevant hereto, and pursuant to Michigan Law, Defendant Smith and Hawkins owed a duty to act with care for the safety of the public while acting officers with Warren Police and specifically owed duties to Plaintiff, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

133. At all times relevant hereto, sexually assaulting a civilian is clearly grossly negligent.

134. At all times relevant hereto, and pursuant to Michigan Law, Defendants owed a duty to act with care for the safety of the public while acting as Officers with the City of Warren and specifically owed duties to Plaintiff, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

135. Defendants had actual knowledge of the threats of violence and prior sexual predatory behavior of Smith.

136. Defendants knew or should have known of Defendant Smith's aggressive behavior and tendencies.

137. While acting as an officer with Warren Police, Defendants knew or should have known that his prior and current conduct was a threat to the public.

138. Despite knowing or being aware of complaints against Defendants, Defendants allowed Defendant Smith to continue working as a uniformed officer.

139. Despite knowing or being aware of complaints against him, Defendant Smith to continue working as a uniformed officer.

140. At all times relevant hereto, Defendants conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he acted as set forth above.

141. The actions referenced above by Defendants caused Plaintiff, serious injuries to her person including, but not limited to:

a. Physical force;
b. Unconsented physical contact;
c. Soft-tissue injuries;
d. Bruising;
e. Contusions;
f. Physical soreness;
g. Physical manifestations of extreme terror;

MICHIGAN INJURY LAW CENTER

h. Severe Post-Traumatic Stress Disorder (PTSD);

i. Panic attacks;

j. Flashbacks;

k. Hypervigilance;

l. Emotional numbing;

m. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;

n. Pain and suffering;

o. emotional agony;

p. Shame;

q. Humiliation;

r. Loss of enjoyment;

s. Profound loss of trust in public safety officers; And

t. All other damages to be determine by discovery.

142. The above actions committed by Defendants were committed while acting under the course and scope of their employment with Warren Police.

143. The above actions committed by Defendants put the Public and specifically Plaintiff Warren Police, in great danger.

144. That Defendants acts were the direct cause of Plaintiff's injuries.

145. That Defendants acts were the proximate cause of Plaintiff's injuries.

146. But for Defendants actions and inactions, PLAINTIFF would have had an opportunity to escape the violent encounter she had with Defendant Smith.

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT VII
## ASSAULT AND BATTERY
## DEFENDANT ELMONDO SMITH

147. Plaintiff herein incorporates by reference all other paragraphs of this Complaint as if fully set herein.

148. Defendant Smith intentionally and unlawfully placed Plaintiff in reasonable apprehension of immediate, harmful, and offensive physical contact by using his physical size, uniform, service weapon, and official authority to isolate, threaten, corner, and sexually intimidate her.

149. Defendant Smith intentionally, maliciously, and without consent committed offensive and harmful physical contact amounting to sexual assault upon Plaintiff, applying force that resulted in bodily injury.

150. Defendant Smith's actions were committed outside the legitimate scope of any law enforcement purpose, done in bad faith, and executed with actual malice.

151. As a direct and proximate result of Defendant Smith's assault and



MICHIGAN INJURY LAW CENTER

battery, Plaintiff suffered severe, painful, and long-lasting injuries, including but not limited to:

a. Physical force;
b. Unconsented physical contact;
c. Soft-tissue injuries;
d. Bruising;
e. Contusions;
f. Physical soreness;
g. Physical manifestations of extreme terror;
h. Severe Post-Traumatic Stress Disorder (PTSD);
i. Panic attacks;
j. Severe sleep disturbances;
k. Flashbacks;
l. Hypervigilance;
m. Emotional numbing;
n. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;
o. Pain and suffering;
p. Emotional agony;
q. Shame;

MICHIGAN INJURY LAW CENTER

r. Humiliation;

s. Loss of enjoyment;

t. Profound loss of trust in public safety officers; and

u. All other damages to be determined by discovery.

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT VIII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**TO PLAINTIFF BY ELMONDO SMITH**

MICHIGAN INJURY LAW CENTER

152. Plaintiff hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

153. At the time of the above-described incident, Defendants acted in an extreme and outrageous manner. Their actions went beyond all bounds of decency.

154. At the time of the above-described incident, Defendants acted in a manner that was so reckless as to demonstrate a substantial lack of concern for whether an injury results.

155. Defendants intentionally and/or recklessly caused to suffer severe mental and emotional distress and to be injured physically, mentally, and emotionally.

156. The actions of all Defendants caused serious emotional injuries resulting in physical manifestations and/or physical consequences as the direct result of Defendants' conduct including, but not limited to increased anxiety, nightmares, dizziness, neck pain, back pain, mental anguish.

157. Additionally, and as the direct result of the actions taken by the Defendants Plaintiff suffered serious injuries to her person including, but not limited to:

a. Physical force;
b. Unconsented physical contact;
c. Soft-tissue injuries;
d. Bruising;
e. Contusions;
f. Physical soreness;
g. Physical manifestations of extreme terror;
h. Severe Post-Traumatic Stress Disorder (PTSD);
i. Panic attacks;
j. Flashbacks;

MICHIGAN INJURY LAW CENTER

k. Hypervigilance;

l. Emotional numbing;

m. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;

n. Pain and suffering;

o. emotional agony;

p. Shame;

q. Humiliation;

r. Loss of enjoyment;

s. Profound loss of trust in public safety officers; And

t. All other damages to be determined by discovery.

MICHIGAN INJURY LAW CENTER

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT IX
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT (ELCRA) MCL 37.2101 ET SEQ. – SEX DISCRIMINATION / SEXUAL HARASSMENT IN PUBLIC SERVICE AGAINST ALL DEFENDANTS

158. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

159. At all times relevant hereto, Defendants City of Warren and Warren Police Department operated as a "public service" as defined by the Elliott-Larsen Civil Rights Act, MCL 37.2301(b), meaning a public facility, department, agency, board, or commission owned, operated, or managed by or on behalf of a political subdivision.

160. Under MCL 37.2302(a), a person shall not deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a public service because of sex.

161. Under MCL 37.2103(i), discrimination because of sex includes sexual harassment, which encompasses unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature.

162. Plaintiff, a vulnerable crime victim, sought emergency law enforcement assistance, a public service, from Defendants following a domestic violence incident.

163. Instead of receiving the public service and protection to which she was legally entitled, Plaintiff was subjected to severe, pervasive, and unwelcome sexual harassment and sexual assault by Defendant Smith, who was acting under the color of law in his official capacity as an agent and employee of the Warren Police Department.

MICHIGAN INJURY LAW CENTER

164. Defendant Smith's weaponization of his official position to isolate, sexually proposition, corner, and forcibly assault Plaintiff constituted severe sexual harassment and sex-based discrimination.

165. Because of Plaintiff's sex, she was denied the full and equal enjoyment of the law enforcement public services provided by Defendants.

166. Defendants City of Warren, Warren Police Department, Chief Eric Hawkins, and Jane Doe (HR) possessed actual or constructive knowledge of Defendant Smith's prior history of predatory sexual behavior, sexual harassment, and misconduct from his previous employment.

167. Despite this knowledge, the municipal and administrative Defendants failed to appropriately vet, supervise, restrict, or discipline Defendant Smith. They deliberately failed to take prompt or adequate remedial action to prevent his discriminatory and harassing conduct toward female members of the public seeking police services.

168. By employing a known sexual predator to interact with vulnerable members of the public without intervention, Defendants' failure to act effectively authorized, tolerated, and ratified Defendant Smith's sexual harassment of the Plaintiff.

MICHIGAN INJURY LAW CENTER

169. Additionally, and as the direct result of the actions taken by the Defendants Plaintiff suffered serious injuries to her person including, but not limited to:

a. Physical force;
b. Unconsented physical contact;
c. Soft-tissue injuries;
d. Bruising;
e. Contusions;
f. Physical soreness;
g. Physical manifestations of extreme terror;
h. Severe Post-Traumatic Stress Disorder (PTSD);
i. Panic attacks;
j. Flashbacks;
k. Hypervigilance;
l. Emotional numbing;
m. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;
n. Pain and suffering;
o. emotional agony;
p. Shame;

MICHIGAN INJURY LAW CENTER

q. Humiliation;

r. Loss of enjoyment;

s. Profound loss of trust in public safety officers; And

t. All other damages to be determined by discovery.

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT X
## WRONGFUL DETENTION
## DEFENDANT ELMONDO SMITH

MICHIGAN INJURY LAW CENTER

170. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

171. On or about July 9, 2025, Defendant Smith intentionally and unlawfully confined and restrained Plaintiff against her will without any lawful justification.

172. Defendant Smith accomplished this wrongful detention by cornering Plaintiff in an industrial building while operating a marked police vehicle, dressed in full uniform, and in possession of a visible, department-issued firearm.

173. By exploiting his physical size, official law enforcement uniform, service weapon, and absolute authority as a Warren Police Department officer, Defendant Smith created an atmosphere of extreme intimidation, duress, and fear.

174. Plaintiff was fully conscious of her confinement and did not consent to being isolated, cornered, or detained by Defendant Smith.

175. Defendant Smith's actions in restricting Plaintiff's freedom of movement were committed entirely outside the legitimate scope of any law enforcement purpose, done in bad faith, and executed with actual malice.

176. Additionally, and as the direct result of the actions taken by the Defendants Plaintiff suffered serious injuries to her person including, but not limited to:

a. Physical force;
b. Unconsented physical contact;
c. Soft-tissue injuries;
d. Bruising;
e. Contusions;
f. Physical soreness;
g. Physical manifestations of extreme terror;
h. Severe Post-Traumatic Stress Disorder (PTSD);
i. Panic attacks;
j. Flashbacks;
k. Hypervigilance;
l. Emotional numbing;

m. Expenses for ongoing psychiatric and psychological therapy, medical care, medication costs;

n. Pain and suffering;

o. emotional agony;

p. Shame;

q. Humiliation;

r. Loss of enjoyment;

s. Profound loss of trust in public safety officers; And

t. All other damages to be determined by discovery.

MICHIGAN INJURY LAW CENTER

**WHEREFORE**, Plaintiff, Lisa Harrison, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Million ($75,000,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

***Michigan Injury Law Center***

/s/ *Nora Y. Hanna*, Esq.
NORA Y. HANNA (p80067)
*Michigan Injury Law Center*
Attorneys for Plaintiff
2075 W. Big Beaver Road Suite 410
Troy, MI 48084
(877) 260-5001
nora@michilc.com

Date: October 8, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LISA HARRISON | ) | |
| | ) | Case No. |
| Plaintiff, | ) | Hon. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WARREN | ) | |
| WARREN POLICE DEPARTMENT, | ) | |
| ERIC HAWKINS, Chief of Police, individually | ) | |
| and in his official capacity for the WARREN | ) | |
| POLICE DEPARTMENT, | ) | |
| ELMONDO SMITH, individually and in his | ) | |
| official capacity as a Police Officer for | ) | |
| WARREN POLICE DEPARTMENT | ) | |
| JANE DOE, human resources coordinator for | ) | |
| WARREN POLICE DEPARTMENT | ) | |
| Jointly and Severally | ) | |
| | ) | |
| Defendants. | ) | |
| ________________________________________ | ) | |

## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, LISA HARRISON, by and through her attorneys, MICHIGAN INJURY LAW CENTER,

and hereby demands a trial by jury in the above captioned matter.

Respectfully submitted,
MICHIGAN INJURY LAW CENTER
/s/Nora Y. Hanna, Esq.
NORA Y. HANNA (P80067)
MICHIGAN INJURY LAW CENTER
Attorney for Plaintiff
2075 W Big Beaver Rd, Suite 410
Troy, MI 48084
(877) 260-5001
nora@michilc.com

Dated: October 8, 2026

MICHIGAN INJURY LAW CENTER